Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC
P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| SAVE THE BULL TROUT, FRIENDS OF THE WILD SWAN, and ALLIANCE FOR THE WILD ROCKIES, <br><br>        Plaintiffs, <br><br> vs. <br><br> MARGARET EVERSON, in her official capacity as Director of the U.S. Fish and Wildlife Service, and DAVID BERNHARDT, in his official capacity as Secretary of the Department of the Interior, <br><br>        Defendants. | CV-19-184-DLC-KLD <br><br> RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS [DOC. 7] |

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. FACTUAL & PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . 2

III. STANDARD OF REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

IV. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

   A. Defendants have failed to establish the most fundamental element of a res judicata affirmative defense – "final judgment on the merits."  . . . . . . 6

   B. The Ninth Circuit cases cited by Defendants are inapposite because in each case there was a final judgment on the merits. . . . . . . . . . . . . . 9

   C. The applicable provision of the Restatement (Second) of Judgments is Section 20, which finds that dismissals for lack of jurisdiction and dismissals without prejudice do not constitute final judgment on the merits. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

   D. To the extent the Court looks to state law, the Montana Supreme Court holds that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, and therefore res judicata does not apply under those circumstances. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

   E. Because Defendants have failed to establish "final judgment on the merits," the Court need not reach the other two required elements of res judicata affirmative defense. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

IV. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

TABLE OF AUTHORITIES

CASES

*ASARCO, LLC v. Union Pac. R. Co.,* 765 F.3d 999 (9th Cir. 2014) . . . . . . . . .  5, 12

*Brandenfels v. Heckler,* 716 F.2d 553 (9th Cir. 1983) . . . . . . . . . . . . . . . .  7, 9, 13

*Headwaters Inc. v. U.S. Forest Serv.,* 399 F.3d 1047 (9th Cir. 2005) . . . . . . . . . .  6

*Madison v. Purdy,* 410 F.2d 99 (5th Cir. 1969) . . . . . . . . . . . . . . . . . . . . . . . . . .  4

*Manning v. City of Auburn,* 953 F.2d 1355 (11th Cir. 1992) . . . . . . . . . . . . .  15, 16

*Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590 (9th Cir. 1985) . . . . . . .  10

*Mpoyo v. Litton Electro-Optical Sys*, 430 F.3d 985 (9th Cir. 2005) . . . . . . . . . . .  10

*Patterson v. Patterson,* 306 F.3d 1156 (1st Cir. 2002) . . . . . . . . . . . . . . . . . . . .  16

*Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1,*
    824 F.3d 1161 (9th Cir. 2016). . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 9, 12, 13

*Scott v. Kuhlman,* 746 F.2d 1377 (9th Cir. 1984) . . . . . . . . . . . . . . . . . . . . . . . .  5

*Semtek Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497 (2001) . . . . . . . .  6, 9, 13

*Stewart v. U.S. Bancorp*, 297 F.3d 953 (9th Cir. 2002) . . . . . . . . . . . . . . . . . . .  11

*Usher v. City of Los Angeles,* 828 F.2d 556 (9th Cir. 1987) . . . . . . . . . . . . . . .  4, 5

*Williams v. Gorton,* 529 F.2d 668 (9th Cir. 1976) . . . . . . . . . . . . . . . . . . . . . . . .  4

STATUTES

16 U.S.C. § 1533 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3, 4

OTHER AUTHORITIES

Restatement (Second) of Judgments  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

INDEX OF EXHIBITS

EXHIBIT A          District Court Judgment

## I.  INTRODUCTION

On November 18, 2019, Plaintiffs Save the Bull Trout, Friends of the Wild

Swan, and Alliance for the Wild Rockies (collectively "Plaintiffs") filed their

Complaint challenging the Bull Trout Recovery Plan under the Endangered Species

Act (ESA).  In lieu of filing an answer, Defendants filed a motion to dismiss.  Doc.

7.  The sole issue presented by the motion to dismiss is whether Plaintiffs'

challenge to the Bull Trout Recovery Plan is barred by res judicata.

As set forth in detail below, Plaintiffs' challenge is not barred by res judicata

because there was no "final judgment on the merits" in the prior case.  In the prior

case, the district court dismissed the Plaintiffs' ESA claims *without prejudice*, for

lack of subject matter jurisdiction.  Exhibit A (Judgment).  Additionally, in the

subsequent denial of Plaintiffs' motion for leave to file an amended complaint, the

Magistrate Judge expressly stated: "a denial of the Motion will *not* effectively

dismiss Plaintiffs' claims with prejudice.  Here, Plaintiffs can replead their first eight

claims to survive a motion to dismiss, and then be heard on the merits."  Doc. 7-7

at 11 (emphasis added).

In their motion to dismiss, Defendants fail to disclose these two key facts to

this Court, and they noticeably omit the actual judgment from their exhibits.      These

omissions are significant because it is well-established by Supreme Court precedent

that claims dismissed without prejudice for lack of subject matter jurisdiction are

1

not barred by res judicata because there is no "final judgment on the merits" as defined by law.  For this reason, Defendants' motion to dismiss is not well-taken and  must be denied.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs do not dispute the bulk of Defendants' recitations of procedural history found at Sections II(A) - II(C) of their brief, and therefore will not repeat that history here.  *See* Doc. 7-1 at 2-6.  However, Plaintiffs take issue with the fact that Defendants fail to disclose the express language used in the district court judgment: "dismissed without prejudice."  *See* Doc. 7-1 at 3; Exhibit A.  Plaintiffs also note that Defendants excluded the district court judgment from their exhibits.  This omission is significant because Defendants included seven other district court filings but not the judgment.  *See* Doc. 7-1 at v (index of exhibits).  In full, the judgment states:

> On June 1, 2017, Judge Michael Mosman entered an Opinion and Order dismissing Plaintiffs' first eight claims for relief with leave to renew and their ninth claim for relief with prejudice (the "Opinion"). (ECF No. 31.)  On June 2, 2017, this court ordered Plaintiffs to file an amended complaint in compliance the Opinion on for before June 30, 2017. (ECF No. 32) Plaintiffs did not file an amended complaint in a timely manner and informed the court on July 11, 2017, they do not intend to file an amended complaint. Accordingly, IT IS ORDERED and ADJUDGED that: (1) this action is *DISMISSED without prejudice* and without costs to any party; (2) pending motions, if any, are DENIED as moot; and (3) all scheduling dates shall be vacated and stricken from the calendar.

Exhibit A (emphasis added).  Thus, the judgment expressly states: "this action is

DISMISSED without prejudice . . . ."  *Id.*

 Additionally, Plaintiffs dispute Defendants' truncated summary of the Ninth

Circuit's unpublished memorandum affirming the dismissal without prejudice for

lack of subject matter jurisdiction.  In relevant part, the Ninth Circuit found:

> The district court properly dismissed Friends' claims brought under
> the ESA's citizen-suit provision. Friends' claims alleged no failure by
> the Service to perform a nondiscretionary duty under §1533(f). Nor
> did they plausibly allege that the recovery criteria the Service employed
> in the plan were neither "objective" nor "measurable."
>
> We reject Friends' new argument on appeal that the Service failed to
> perform a nondiscretionary duty to account for the five delisting
> factors in 16 U.S.C. §1533(a)(1) in the recovery criteria. This claim
> appears nowhere in –and is not plausibly inferable from – Friends'
> complaint, aside from a rote recitation of §1533(f).

Doc. 7-5 (Defendants' Exhibit 4) at 3.  Thus, the Ninth Circuit found that these two

claims were not pleaded in the complaint in that case; therefore, Defendants'

implication that the first claim was pleaded is incorrect.  *See* Doc. 7-1 at 6-7.

 Finally, Plaintiffs note that when the district court denied Plaintiffs' motion

for leave to file an amended complaint after the appeal, the Magistrate Judge held:

"a denial of the Motion will *not* effectively dismiss Plaintiffs' claims with prejudice.

Here, Plaintiffs can replead their first eight claims to survive a motion to dismiss,

and then be heard on the merits."  Doc. 7-7 (Defendants' Exhibit 6) at 11 (emphasis

added). The Magistrate Judge also held: "The court finds Plaintiffs failed to establish both the requisite change in law or facts necessary to reopen the case under Rule 60 and, therefore, failed to set aside final judgment before filing an amended complaint under Rule 15. Therefore, *the Motion fails procedurally*, and the court recommends the Motion be denied." *Id.* at 2 (emphasis added). Thus, Plaintiffs' motion for leave to amend was denied on procedural grounds, and the prior judgment dismissing the ESA claims *without* prejudice for lack of subject matter jurisdiction was not reopened, set aside, or otherwise disturbed.

## III.  STANDARD OF REVIEW

"Ordinarily a motion to dismiss should be disfavored, and doubts should be resolved in favor of the pleader." *Williams v. Gorton*, 529 F.2d 668, 672 (9th Cir. 1976). Thus, "[a] motion to dismiss on the basis of the pleadings alone should rarely be granted." *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969). "[T]he practice of dismissing claims 'on the basis of the barebone pleadings is a precarious one with a high mortality rate.'" *Id.* (citation omitted).

The Ninth Circuit holds: "On a motion to dismiss for failure to state a claim, the court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987)(citation omitted). "The issue is not whether the plaintiff ultimately will prevail, but whether [it] is entitled to offer

evidence to support [its] claim."  *Id.*

Res judicata is an affirmative defense.  Fed. R. Civ. P. 8 (c)(1).  The Ninth

Circuit holds:

> Dismissal under Rule 12(b)(6) on the basis of an affirmative defense is
> proper only if the defendant shows some obvious bar to securing
> relief on the face of the complaint. . . .  If, from the allegations of the
> complaint as well as any judicially noticeable materials, an asserted
> defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is
> improper.

*ASARCO, LLC v. Union Pac. R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).  "If an

ambiguity exists, a question of fact is presented."  *Id.* at 1009.

In their brief, Defendants cite *Scott v. Kuhlman* but misstate the holding.

*See* Doc. 7-1 at 7.  In that case, the Ninth Circuit held:  "The defendants raised res

judicata in their motion to dismiss under Rule 12(b)(6), rather than in a responsive

pleading.  Ordinarily affirmative defenses may not be raised by motion to dismiss .

. . but this is not true when, as here, the defense raises no disputed issues of fact."

746 F.2d 1377, 1378 (9th Cir. 1984) (citation omitted).  Thus, the general rule is

that res judicata cannot be raised in a Rule 12(b)(6) motion because it is an

affirmative defense.  *Id.*  The only exception to that general rule is if there are no

issues of disputed fact.  *Id.*

## IV.  ARGUMENT

"The doctrine of res judicata provides that a final judgment on the merits

bars further claims by parties or their privies based on the same cause of action . . .

." *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1051 (9th Cir. 2005).

Thus, there are three required elements for a successful res judicata affirmative

defense: (1) "final judgment on the merits," (2) the same "parties or their privies,"

and (3) "the same cause of action." As set forth below, because Defendants have

failed to establish the first required element – "final judgment on the merits" – their

motion must be denied, and the Court need not address the remaining two

elements.

## A. Defendants have failed to establish the most fundamental element of a res judicata affirmative defense – "final judgment on the merits."

A "final judgment on the merits" is a fundamental requirement for a res

judicata affirmative defense. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531

U.S. 497, 502 (2001). The Supreme Court holds that "adjudication upon the

merits" is the opposite of "dismissal without prejudice," and "adjudication upon the

merits" is "undoubtedly a necessary condition" that must be met before the

doctrine of res judicata applies. *Id* at 501-06.

As the Ninth Circuit has held: "Any finding made by a court when the court

has determined that it does not have subject matter jurisdiction carries no res

judicata consequences." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d

1161, 1166 (9th Cir. 2016)(citation omitted). Similarly, "dismissals without

prejudice do not constitute a final determination to which collateral estoppel is applied." *Brandenfels v. Heckler*, 716 F.2d 553, 557 (9th Cir. 1983); *see also E. Bay Law v. Ford Motor Co.*, 697 F. Appx 533, 534 (9th Cir. 2017) ("Because a dismissal for lack of jurisdiction is not a final judgment on the merits, res judicata and collateral estoppel do not apply."); *see also Harris v. Arizona Bd. of Regents*, 730 F. Appx 439, 440 (9th Cir. 2018)("The district court erred in dismissing Harris's action as barred by the doctrine of res judicata because defendants failed to establish that the state court action resulted in a final judgment on the merits. . . . Specifically, defendants failed to establish that the state court did not dismiss Harris's action for lack of subject matter jurisdiction, which would not constitute an adjudication on the merits under Arizona law.")  "When interpreting an ambiguous prior judgment, the reviewing court should construe a judgment so as to give effect to the intention of the issuing court." *Ruiz*, 824 F.3d at 1167.

In this case, the judgment in the prior case expressly states: "DISMISSED *without* prejudice."  Exhibit A at 2 (emphasis added).  Moreover, both the Magistrate Judge and District Court Judge agreed that the dismissal was based on lack of subject matter jurisdiction.  The Magistrate Judge found: "the court lacks subject-matter jurisdiction over Plaintiffs' claims and Defendants' motion to dismiss should be granted."  Doc. 7-3 (Defendants' Exhibit 2) at 2.  Likewise, the District Court Judge held: "this Court lacks jurisdiction over the claims under the

citizen-suit provision." Doc. 7-4 (Defendants' Exhibit 3) at 6.   The Ninth Circuit affirmed the district court judgment without any changes.  Doc. 7-5 (Defendants' Exhibit 4).  After the appeal, Plaintiffs filed a motion for leave to file an amended complaint; the motion was denied on procedural grounds for failing to meet the test to reopen or set aside the prior judgment.   Doc. 7-7 (Defendants' Exhibit 6) at 2. Thus, the judgment – dismissal without prejudice – stands.

Finally, in light of Plaintiffs' concerns that they might not be able to pursue their legal challenge if the motion for leave to amend was denied, the Magistrate Judge expressly allayed this concern: "a denial of the Motion will *not* effectively dismiss Plaintiffs' claims with prejudice.  Here, Plaintiffs can replead their first eight claims to survive a motion to dismiss, and then be heard on the merits."  Doc. 7-7 (Defendants' Exhibit 6) at 11 (emphasis added).

Defendants fail to disclose or acknowledge the express language of the judgment and fail to attach the judgment as an exhibit.  They further fail to disclose or acknowledge the express statements of the Magistrate Judge.  Their motion depends on the omission of these key facts and therefore it must fail because the binding legal precedent dictates that res judicata does not apply to a dismissal without prejudice for lack of subject matter jurisdiction. The Supreme Court unequivocally holds that "adjudication upon the merits" is the opposite of "dismissal without prejudice," and "adjudication upon the merits" is "undoubtedly

a necessary condition" that must be met before the doctrine of res judicata applies.

*Semtek*, 531 U.S. at 501-06.  As the Ninth Circuit holds: "Any finding made by a court when the court has determined that it does not have subject matter jurisdiction carries no res judicata consequences."  *Ruiz*, 824 F.3d at 1166; *see also E. Bay Law*, 697 F. Appx at 534  ("Because a dismissal for lack of jurisdiction is not a final judgment on the merits, res judicata and collateral estoppel do not apply.").

**B.  The Ninth Circuit cases cited by Defendants are inapposite because in each case there was a final judgment on the merits.**

Defendants' legal argument does not compel a different result.  First, although *Semtek*, *Ruiz*, *Brandenfels*, and *E. Bay Law* were all cited in Plaintiffs' Complaint in order to explain why res judicata does not apply, *see* Doc. 1 at ¶52, nonetheless Defendants ignore all of these cases in their brief without explanation, *see* Doc. 7-1 at 15-18.  Most importantly, Defendants fail to distinguish the Supreme Court's findings in *Semtek* that "adjudication upon the merits" is the opposite of "dismissal without prejudice," and "adjudication upon the merits" is "undoubtedly a necessary condition" that must be met before the doctrine of res judicata applies.  531 U.S. at 501-06.  Indeed, Defendants fail to cite a single Supreme Court decision in support of their novel legal argument that res judicata could apply to a dismissal without prejudice for lack of subject matter jurisdiction.

Furthermore, the three Ninth Circuit cases cited by Defendants are irrelevant

9

to this case.  First, in *Mpoyo v. Litton Electro-Optical Sys*, res judicata applied

because the district court had entered summary judgment: "The second res judicata

element is satisfied by a summary judgment dismissal which is considered a

decision on the merits for res judicata purposes." 430 F.3d 985, 988 (9th Cir.

2005).  There was no summary judgment decision here; therefore, *Myopo* is

inapplicable.

Second, in *Marin v. HEW, Health Care Fin. Agency*, res judicata applied

because the claims at issue were time-barred and therefore dismissed with

prejudice: "the denial of leave to file the second amended complaint was based on a

statutory time bar . . . .  Even without a determination which is literally on the merits,

a denial *with* prejudice may be a final judgment with a res judicata effect as long as

the result is not unfair."  769 F.2d 590, 593 (9th Cir. 1985)(emphasis added).  In

*Marin*, the Ninth Circuit further explained:

> the denial of leave to amend the complaint should not be confused
> with dismissal of the action in its entirety for lack of subject matter
> jurisdiction.  In this case, however, where the denial and the dismissal
> coincided, where both were with prejudice, and where amendment, if
> allowed, would have reinstated the alleged cause of action, the two
> decisions are functionally analogous. Our consideration of the res
> judicata effect of this denial with prejudice is therefore guided by
> principles which apply to dismissals with prejudice.

*Id*.  Unlike *Marin*, here the entire case was dismissed for lack of subject matter

jurisdiction; the ESA claims were dismissed *without* prejudice; the ESA claims are

not time-barred by statute; and the dismissal and denial of the motion to amend did not coincide.

Third, in *Stewart v. U.S. Bancorp*, res judicata applied because "[d]ismissal was not for lack of jurisdiction, but rather for the substantive reason that Plaintiffs' claims were preempted by federal law."  297 F.3d 953, 959 (9th Cir. 2002).  The Ninth Circuit noted:

> The phrase "final judgment on the merits" is often used interchangeably with "dismissal with prejudice." []  Here, the district court's judgment in *Stewart I* simply stated that the action was dismissed and did not specify whether the suit was dismissed with or without prejudice.  Federal Rule of Civil Procedure 41(b) states that "[u]nless the court in its order for dismissal otherwise specifies, a dismissal . . . *other than a dismissal for lack of jurisdiction* . . . operates as an adjudication upon the merits." (emphasis added).

*Id* at  956 (emphasis added).  Defendants are therefore incorrect that *Stewart* "made clear that a dismissal is presumed to be with prejudice unless otherwise stated for purposes of applying res judicata."  Doc. 7-1 at 15 n.4.  *Stewart* actually finds that there is no such presumption for a dismissal for lack of jurisdiction, or the other exceptions in Fed R. Civ. P. 41(b).  *Stewart*, 297 F.3d at 956.

Unlike in *Stewart*, here the district court's orders expressly state that the dismissal was for lack of subject matter jurisdiction.  Doc. 7-3 (Defendants' Exhibit 2) at 2; Doc. 7-4 (Defendants' Exhibit 3) at 6.   Furthermore, the judgment is not silent; it expressly states: "DISMISSED *without* prejudice."  Exhibit A at 2

11

(emphasis added). The Ninth Circuit affirmed that judgment; and the district court subsequently declined to alter or set aside that judgment. Docs. 7-8, 7-5. For this reason, Defendants' representation that "[t]he District Court's order denying Plaintiffs' motion for leave to amend their complaint was silent in this regard and thus dismissal with prejudice should be presumed" is misleading. Doc. 7-1 at 15 n.4.

Finally, Defendants' argument in this regard is directly contradicted by the express intent of the Magistrate Judge; he stated: "a denial of the Motion will *not* effectively dismiss Plaintiffs' claims with prejudice. Here, Plaintiffs can replead their first eight claims to survive a motion to dismiss, and then be heard on the merits." Doc. 7-7 at 11 (emphasis added). The Ninth Circuit holds: "[w]hen interpreting an ambiguous prior judgment, the reviewing court should construe a judgment so as to give effect to the intention of the issuing court." *Ruiz*, 824 F.3d at 1167. Thus, to the extent the judgment could be construed as ambiguous here, this express intention from the Magistrate Judge – that "a denial of the Motion will not effectively dismiss Plaintiffs' claims with prejudice" – should be considered. *See id.* Perhaps even more significantly, "[i]f an ambiguity exists, a question of fact is presented." *ASARCO*, 765 F.3d at 1009. If there is a question of fact, "dismissal under Rule 12(b)(6) is improper." *Id.* at 1004.

In summary, none of the three Ninth Circuit cases cited by Defendants apply

to this case:  (1) in *Myopo*, there was a summary judgment decision, which

constitutes final judgment on the merits; (2) in *Marin*, the claims were time-barred

by statute and dismissed with prejudice, which constitutes final judgment on the

merits; and (3) *in Stewart*, the claims were barred by federal preemption and

dismissed with prejudice, which constitutes final judgment on the merits.  In

contrast, here Plaintiffs' ESA claims were expressly dismissed *without* prejudice

for lack of subject matter jurisdiction.  Moreover, in the subsequent decision

denying leave to file an amended complaint, the Magistrate Judge expressly stated:

"a denial of the Motion will *not* effectively dismiss Plaintiffs' claims with

prejudice." Doc. 7-7 at 11 (emphasis added)  Under these circumstances, the

Supreme Court's decision in *Semtek*, and the Ninth Circuit's decisions in *Ruiz*,

*Brandenfels*, and *E. Bay Law* apply.  The prior case did not result in a final

judgment on the merits of Plaintiffs' ESA claims; therefore, res judicata does not

apply.

**C.  The applicable provision of the Restatement (Second) of Judgments is
Section 20, which finds that dismissals for lack of jurisdiction and dismissals
without prejudice do not constitute final judgment on the merits.**

In addition to inapposite Ninth Circuit cases, and non-binding out-of-Circuit

cases, Defendants also cite to the Restatement (Second) of Judgments.  Doc. 7-1 at

16.  However, they cite to Section 19 when Section 20 is the more relevant

provision.  Section 20 states:

13

§ 20 Judgment for Defendant—Exceptions to the General Rule of Bar

> (1) A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim:
>
> > (a) When the judgment is one of dismissal for lack of jurisdiction, for improper venue, or for nonjoinder or misjoinder of parties; or
> >
> > (b) When the plaintiff agrees to or elects a nonsuit (or voluntary dismissal) without prejudice or the court directs that the plaintiff be nonsuited (or that the action be otherwise dismissed) without prejudice; or
> >
> > (c) When by statute or rule of court the judgment does not operate as a bar to another action on the same claim, or does not so operate unless the court specifies, and no such specification is made.
>
> (2) A valid and final personal judgment for the defendant, which rests on the prematurity of the action or on the plaintiff's failure to satisfy a precondition to suit, does not bar another action by the plaintiff instituted after the claim has matured, or the precondition has been satisfied, unless a second action is precluded by operation of the substantive law.

The judgment in this case was a "dismissal for lack of jurisdiction," and therefore falls under Section 20(1)(a), and a dismissal "without prejudice," and therefore falls under Section 20(a)(b).  Therefore, under the Restatement (Second) of Judgments, the judgment in the prior case "does not bar another action by the plaintiff on the same claim."

**D.  To the extent the Court looks to state law, the Montana Supreme Court holds that a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits, and therefore res judicata does not apply under those circumstances.**

In addressing questions regarding the affirmative defense of res judicata, some federal courts may look to state law.  *See, e.g., Manning v. City of Auburn*, 953 F.2d 1355, 1358 (11th Cir. 1992)("Federal courts apply state law to questions of res judicata.")  In 2014, the Montana Supreme Court addressed this question as a matter of first impression and held: "A court's dismissal of an action is entered with or without prejudice, depending on the circumstances. . . Although this Court has never directly addressed the issue, many other states' courts have held that dismissal of a claim 'with prejudice' for lack of subject matter jurisdiction is improper because a dismissal for lack of subject matter jurisdiction does not go to the merits of the case."  *In re Estate of Benjamin*, 2014 MT 241, ¶¶11-13 (citations omitted).

The Montana Supreme Court further stated: "[Montana Rule of Civil Procedure] 41(b) provides that an involuntary dismissal . . . acts as an adjudication on the merits, except in cases where the dismissal results from lack of jurisdiction . . . ."  *Id.*  Thus, ultimately, the Montana Supreme Court held: "Because the district court in *Benjamin I* lacked subject matter jurisdiction, as we so concluded, it was powerless to adjudicate the merits . . . and the dismissal 'with prejudice' was

improper. Accordingly, res judicata does not bar . . . this case. The merits of these claims have never been addressed." *Id.*  The same is true in this case, as discussed at length above.

**E.  Because Defendants have failed to establish "final judgment on the merits," the Court need not reach the other two required elements of res judicata affirmative defense.**

Much of Defendants' legal argument is focused on the other two required elements of a res judicata affirmative defense – privity of parties and cause of action.  Doc. 7-1 at 9-14.  However, as set forth at length above, the first required element – "final judgment on the merits" – has not been established.  Thus, the res judicata affirmative defense fails.  Accordingly, this Court need not address whether the other two required elements are satisfied.  *See e.g. Patterson v. Patterson*, 306 F.3d 1156, 1162 (1st Cir. 2002) ("Having ruled that Joel's claims are not the same causes of action . . .we need not, and do not, reach the issue of whether Joel was a party . . . for purposes of res judicata.")

## IV.  CONCLUSION

As set forth above, Plaintiffs' challenge to the Bull Trout Recovery Plan is not barred by res judicata because there was no "final judgment on the merits" in the prior case.  In the prior case, the district court dismissed the Plaintiffs' ESA claims without prejudice, for lack of subject matter jurisdiction.  Additionally, in the subsequent denial of Plaintiffs' motion for leave to file an amended complaint, the

Magistrate Judge expressly stated: "a denial of the Motion will not effectively dismiss Plaintiffs' claims with prejudice.  Here, Plaintiffs can replead their first eight claims to survive a motion to dismiss, and then be heard on the merits."  Doc. 7-7 at 11.

Under these circumstances, consistent with Supreme Court, Ninth Circuit, and Montana Supreme Court precedent, and consistent with the Restatement (Second) of Judgments, the res judicata affirmative defense fails and Defendants' motion to dismiss is not well-taken and must be denied.


Respectfully submitted this 17th Day of February, 2020.

*/s/ Rebecca K. Smith*
Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Attorneys for Plaintiffs

17

CERTIFICATE OF COMPLIANCE

The foregoing brief is 4,103 words, excluding the caption, signature blocks, certificates, tables, and index of exhibits. A Table of Contents, Table of Authorities, and Index of Exhibits is provided for this brief.

Respectfully submitted this 17th Day of February, 2020.

*/s/ Rebecca K. Smith*
Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Attorneys for Plaintiffs