JEAN E. WILLIAMS
Deputy Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice
SETH M. BARSKY, Chief
MEREDITH L. FLAX, Assistant Section Chief
SARAH J. SHEFFIELD, Trial Attorney
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-0211
Fax:     (202) 305-0275
sarah.sheffield@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### MISSOULA DIVISION

| | |
|---|---|
| SAVE THE BULL TROUT, FRIENDS OF THE WILD SWAN, and ALLIANCE FOR THE WILD ROCKIES, | Case No. 19-184-M-DLC-KLD |
| Plaintiffs, | REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT |
| v. | |
| AURELIA SKIPWITH, in her official capacity as Director of the U.S. Fish and Wildlife Service, and DAVID BERNHARDT, in his official capacity as Secretary of the Department of Interior, | |
| Defendants. | |

# I. INTRODUCTION

The only issue currently before the Court on Defendants' motion to dismiss is whether the District of Oregon's denial of Plaintiffs' motion to amend their complaint in *Friends of the Wild Swan v. Thorson* constitutes a final judgment on the merits for purposes of claim preclusion, or res judicata. Because Plaintiffs do not rebut Defendants' arguments regarding the other two prongs of res judicata – privity of parties and identity of claims – Plaintiffs in effect concede that Defendants have established these two elements.

Defendants have also established that there has been a final judgment on the merits. Federal case law and commentary are clear that a denial of leave to amend constitutes a final judgment, especially, as here, where a plaintiff has previously failed to amend its complaint when given the opportunity to do so. Plaintiffs' arguments in response do not squarely address this precedent and instead focus on a judgment entered before the order denying Plaintiffs' motion to amend, and on their interpretation of language from a Magistrate's Findings and Recommendation that was not adopted by the District Court Judge. These arguments merely distract from the simple premise underlying this case: where a plaintiff has been barred from filing an amended complaint in one court, that plaintiff should not be allowed to file the same complaint in a different court. For this reason, Defendants request that this Court hold that Plaintiffs' challenge here is precluded by res judicata.

## II.     ARGUMENT

**A. Plaintiffs fail to address Defendants' arguments demonstrating that privity between the parties and identity of claims exist and therefore concede these two prongs of res judicata.**

The doctrine of res judicata applies when there is 1) privity between the parties, 2) an identity of claims, and 3) a final judgment on the merits. *Stewart v. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002); *Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 594 (9th Cir. 1985). In their opening brief in support of their motion to dismiss, Defendants argued that the parties in *Friends of the Wild Swan* and *Save the Bull Trout* are the same or in privity, and that the two cases challenge the same bull trout recovery plan and therefore present an identity of claims. *See* ECF No. 7-1 at 15-20.[1] Plaintiffs in their opposition, ECF No. 8 at 21, do not address either of these arguments and thus concede these two prongs of res judicata. *See e.g., John Charles v. California*, 646 F.3d 1243, 1247 n.4 (9th Cir. 2011) (noting that failure to develop an argument constitutes waiver of the argument); *Native Ecosystems Council v. Marten*, CV 17-47-M-DLC-JCL, 2018 WL 3630132, *7 (D. Mont. July 31 2018) ("[A] litigant waives an issue by failing to address it in its opening brief."); *Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 118 (D.D.C. 2012) ("[W]hen a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court

---

[1]     Docket citations are to the pdf page numbers noted on the top of each page.

may treat those arguments as conceded, even when the result is dismissal of the entire case." (citations omitted)); *Silva v. U.S. Bancorp*, No. 5:10-cv-01854-JHN-PJWx, 2011 WL 7096576, *3 (C.D. Cal. Oct. 6, 2011) (same).

Thus, the only issue remaining is whether the District of Oregon's denial of Plaintiffs' motion to amend constitutes a final judgment on the merits. As explained in Defendants' opening brief and in the arguments below, this final element of res judicata is also satisfied.

**B. The District of Oregon's denial of Plaintiffs' motion to amend their complaint satisfies the "final judgment on the merits" prong of res judicata.**

The District of Oregon's denial of Plaintiffs' motion to amend their complaint in *Friends of the Wild Swan* constitutes a final judgment on the merits sufficient to satisfy the final prong of res judicata and warrant dismissal of this case. The Ninth Circuit's decision in *Marin* is instructive. In that case, the plaintiff filed two appeals of the Provider Reimbursement Review Board's ("PRRB") decision to the district court, and these two appeals were assigned to two different judges. *Marin*, 769 F.2d at 592. The judge handling the second appeal, which was styled as a second amended complaint, denied with prejudice the implied request for leave to file a second amended complaint because it was not a timely appeal of the PRRB decision. *Id.* The judge handling the first appeal invoked res judicata and granted summary judgment against the plaintiff based on

the preclusive effect of the denial of leave to amend in the second case. *Id.* at 592-93. The Ninth Circuit affirmed that the denial of the motion to amend in the second case constituted a final judgment on the merits sufficient to preclude the first case on res judicata grounds. *Id.* at 593-94. The Ninth Circuit explained that "[e]ven without a determination which is literally on the merits, a denial with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair." *Id.* at 593.

In the current case, the District of Oregon denied Plaintiffs' motion to amend their complaint. Ex. 7. According to *Marin* and subsequent case law from the Ninth Circuit and other Circuits, this denial of Plaintiffs' motion constitutes a final judgment on the merits for res judicata purposes.[2] *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985, 989 (9th Cir. 2005) ("Our holding in this case is consistent with case law in the First, Second, Third, Fifth and Eighth Circuits that bars under res judicata the subsequent filing of claims denied leave to amend."); *Prof'l Mgmt. Assocs. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003) ("The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action."); *Witthohn v. Fed. Ins. Co.*, 164 F.

---

[2] This is true even though the District of Oregon's order denying Plaintiffs' motion to amend was silent on whether it was a denial with or without prejudice. *See infra* Part II.C.

App'x 395, 397-98 (4th Cir. 2006) (same); *see generally* ECF No. 7-1 at 21-24.

In their opposition, Plaintiffs make much of the fact that the District of Oregon entered a judgment dismissing Plaintiffs' case without prejudice. It is true that the District of Oregon entered such a judgment, but Plaintiffs' reliance on this judgment is misplaced. It is the order denying Plaintiffs' motion to amend their complaint that is the controlling document for res judicata purposes, as it was entered *after* the motion to dismiss judgment and is the final word from the District of Oregon on Plaintiffs' proposed amended pleading. *Marin*, 769 F.2d at 593 (explaining that a denial of a motion to amend can constitute a final judgment); *Prof'l Mgmt. Assocs.*, 345 F.3d at 1032 ("The denial [of a motion to amend the complaint] is a judgment on the merits of the claims in the proposed amended pleading."); 18A Fed. Prac. & Proc. Juris. § 4427 (3d ed.) ("Post-judgment rulings often prove eligible for res judicata.").

Moreover, that the order is not "on the merits" or is based on procedural, instead of substantive, grounds does not change its res judicata effect. *See Marin*, 769 F.2d at 593 (explaining that a determination does not need to be "literally on the merits" to be a final judgment with a res judicata effect); *In re Schimmels*, 127 F.3d 875, 884 (9th Cir. 1997) ("An involuntary dismissal generally acts as a judgment on the merits for the purposes of res judicata, regardless of whether the dismissal results from procedural error or from the court's considered examination

of the plaintiff's substantive claims."); Restatements (Second) of Judgments § 19 (1982) (explaining that "on the merits" can have "misleading connotations" because "judgments not passing directly on the substance of the claim have come to operate as a bar" under the doctrine of res judicata). Thus, the District of Oregon's denial of Plaintiffs' motion to amend their complaint is the controlling order for res judicata purposes, not the earlier judgment dismissing Plaintiffs' case.

### C. The District of Oregon's order denying Plaintiffs' motion to amend should be construed as a denial with prejudice.

The District of Oregon's order denying Plaintiffs' motion to amend their complaint has res judicata effect even though the order was silent as to whether the denial was with or without prejudice. Unlike the District of Oregon's order granting Defendants' motion to dismiss, which expressly gave Plaintiffs leave to amend their complaint, Ex. 3 at 6, the order denying Plaintiffs' motion to amend says nothing about giving Plaintiffs another chance to replead their claims. Ex. 7. Indeed, the latter order can only be read as the District of Oregon's final word barring Plaintiffs from proceeding with the litigation, as it offers Plaintiffs no opportunity to remedy their motion or to continue their case.

The Ninth Circuit's decision in *Stewart* provides useful guidance here. There, the Ninth Circuit determined that a dismissal is presumed to be with prejudice unless otherwise stated for purposes of applying res judicata. *Stewart*,

297 F.3d at 956. In that case, the district court dismissed the plaintiff's suit, but did not state whether the dismissal was with or without prejudice. *Id.* at 955. The plaintiff did not appeal and subsequently filed a new complaint, which the district court dismissed on the basis of res judicata. *Id.* at 955-56. On appeal, the plaintiff insisted that the first dismissal was not a final judgment on the merits because it was not a dismissal with prejudice. *Id.* at 956. The Ninth Circuit disagreed, concluding that, pursuant to Federal Rule of Civil Procedure 41(b), a dismissal operates as an adjudication upon the merits unless the order otherwise specifies or an exception applies. *Id.* While the District of Oregon's order denying Plaintiffs' motion to amend their complaint is not a dismissal order as contemplated in *Stewart*, the Ninth Circuit's analysis in *Stewart* lends support to the conclusion that, when an order is silent as to whether the denial is with or without prejudice, it is appropriate to assume that it was with prejudice.

Plaintiffs argue that, unlike in *Stewart*, the District of Oregon's "orders expressly state that the dismissal was for lack of subject matter jurisdiction" and without prejudice, and cites to the order and judgment relating to the motion to dismiss. ECF No. 8 at 16. Plaintiffs once again focus on the motion to dismiss judgment to the exclusion of the later proceedings. If the last word from the District of Oregon was the judgment dismissing the case without prejudice, then the rule in *Stewart* would not apply and res judicata would likely not preclude a

future case.  *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); Federal Rule of Civil Procedure 41(b) (explaining that a dismissal for lack of jurisdiction does not operate as an adjudication on the merits).  But that judgment is not the end of the story here.  Instead, the final and controlling document filed in the District of Oregon was the denial of Plaintiffs' motion to amend their complaint.  Because the order provides Plaintiffs with no further opportunity to continue the case in the District of Oregon, the order should be construed as a denial with prejudice and given res judicata effect.

Plaintiffs also argue that Magistrate Judge Acosta expressly held in his Findings and Recommendation that the denial of the motion to amend would not dismiss Plaintiffs' claims with prejudice.  ECF No. 8 at 8; *see also* Ex. 6.  This argument is not new, as Plaintiffs made it in their objections to the Findings and Recommendation.  *Friends of the Wild Swan*, 3:16-cv-00681-MWM, ECF No. 50 (D. Or. April 18, 2019) (Ex. 9).[3]  For the same reasons explained in Defendants' response to the objections, this argument is misleading and should be disregarded for at least three reasons.  *See id.*, ECF No. 55 (D. Or. May 16, 2019) (Ex. 10).

---

[3]     With their reply, Defendants attach two additional exhibits – Plaintiffs' objections to the Findings and Recommendation on their motion to amend their complaint (Ex. 9), and Defendants' response to Plaintiffs' objections (Ex. 10) – for ease of the Court's reference.  Defendants previously filed eight exhibits with their opening motion.

First, the sentences Plaintiffs cite from the Findings and Recommendation do not constitute a holding. Instead, these sentences, plucked from the middle of the Findings and Recommendation, can only be considered dictum without any force of law. *Id.*, ECF No. 55 at 6. Second, Plaintiffs' interpretation of these sentences is not supported by the broader context of the Findings and Recommendation, and by prior orders in the case. *Id.*, ECF No. 55 at 6-7. Third, Plaintiffs' reading of these sentences, if upheld, would be contrary to fundamental principles of civil procedure. *Id.*, ECF No. 55 at 7-8.

More importantly, even if Magistrate Judge Acosta had reached the conclusion that "Plaintiffs can replead their first eight claims to survive a motion to dismiss, and then be heard on the merits," Ex. 6 at 11, Judge Mosman expressly refused to adopt this conclusion. Ex. 7 at 3. In his order denying Plaintiffs' motion to amend their complaint, Judge Mosman stated: "I also find that Judge Acosta's F&R made no predetermination of Plaintiffs' ability to be heard on the merits if they chose to file a new complaint." [4] *Id.* Because Judge Mosman has already refused Plaintiffs' argument here, there is no credence to Plaintiffs'

---

[4] Plaintiffs also assert that Defendants failed to disclose these key statements from the Findings and Recommendation. ECF No. 8 at 6. This is not true. In their opening motion to dismiss brief, Defendants explained that Judge Mosman had rejected Plaintiffs request to "confirm the magistrate judge's finding that [Plaintiffs'] may replead their claims in a new complaint and be heard on the merits[.]" *See* ECF No. 7-1 at 12.

*Save the Bull Trout v. Skipwith,* CV 19-184-M-DLC-KLD
Defs.' Reply Br. in Supp. of Mot. to Dismiss                                              9

renewed assertion of it now.

In sum, Judge Mosman's order denying Plaintiffs' motion to amend is a denial with prejudice and constitutes a final judgment on the merits for res judicata purposes.

### D. Montana state law is inapplicable to this case.

Finally, Plaintiffs' reliance on Montana state law to support their argument here is misplaced. It is well established that the "preclusive effect of a federal-court judgment is determined by federal common law." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (quoting *Taylor v. Sturgell*, 533 U.S. 880, 891 (2008)). This case is brought under federal law, and was heard, first, by a federal district court in Oregon and, now, is before the federal district court in Montana. There is no doubt that federal law, and not state, governs here. *See Baiul v. NBC Sports*, 732 F. App'x 529, 531-32 (9th Cir. 2018).

However, even if the Montana state case law that Plaintiffs cite were applicable here, it offers no helpful guidance to the current case. There, the issue was whether the trial court could dismiss a case with prejudice where it lacked subject matter jurisdiction. *In re Estate of Benjamin*, 376 Mont. 300, 304 (Mont. 2014). The Montana Supreme Court determined that dismissal of a claim with prejudice for lack of subject matter jurisdiction is improper, and therefore held that the plaintiff could bring a new challenge without being precluded by res judicata.

*Id.* The issue of whether an order denying a motion to amend a complaint constituted final judgment – the key issue in this case – was never analyzed in *In re Benjamin*, and therefore Plaintiffs' reliance on that case as guidance is misplaced. Instead, the Court should look to Ninth Circuit and other federal case law cited within this brief holding that a denial of a motion to amend constitutes a final judgment on the merits for res judicata purposes.

### III.   CONCLUSION

To be sure, the procedural history of this case does not lend itself to a straightforward application of res judicata principles. In *Marin*, too, the Ninth Circuit recognized the "unusual circumstances" of that case, noting that the "peculiarities of timing in this case make this an unconventional application of res judicata, because that doctrine usually bars claims filed after, not before the claims giving rise to the preclusive judgment." 769 F.2d at 593-94. The Ninth Circuit then explained that, even with the peculiarities of the case, the purpose of res judicata – to "relieve parties of the cost and vexation of multiple law suits, conserve judicial resources and, by preventing inconsistent decisions, encourage reliance on adjudication" – warranted a finding that the plaintiff was precluded from litigating the same suit in a different courtroom. *Id.* at 594 (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)); *see also* Restatement (Second) of Judgments § 19 (1982) ("The rule that defendant's judgment acts as a bar to a second action on

the same claim is based largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end.").

So too here. This case began almost four years ago – in April 2016 – with the filing of Plaintiffs' complaint in *Friends of the Wild Swan*. Ex. 1. Since then, Plaintiffs failed to avail themselves of the opportunities to pursue their remedies, first, when they did not amend their complaint when given the chance to do so and, second, when they did not appeal the District of Oregon's denial of their motion to amend. Defendants respectfully request that the Court find that under these circumstances res judicata precludes Plaintiffs from bringing another challenge to the bull trout recovery plan and dismiss the case with prejudice.

Dated: March 10, 2020

                        JEAN E. WILLIAMS
                        Deputy Assistant Attorney General
                        Environment & Natural Resources Division
                        United States Department of Justice
                        SETH M. BARSKY, Chief
                        MEREDITH L. FLAX, Assistant Chief

                        */s/   Sarah J. Sheffield*
                        SARAH J. SHEFFIELD

Trial Attorney (HI Bar 10415)
Wildlife & Marine Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:  (202) 305-0211
Fax:     (202) 305-0275
sarah.sheffield@usdoj.gov

*Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), there are 2,941 words in the brief as counted using the word count feature in Microsoft Word, excluding the caption, signature blocks, and certificate of compliance.

*/s/   Sarah J. Sheffield*
SARAH J. SHEFFIELD
Attorney for Defendants