IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAVE THE BULL TROUT, FRIENDS OF THE WILD SWAN, and ALLIANCE FOR THE WILD ROCKIES,<br><br>           Plaintiffs,<br><br>  vs.<br><br>AURELIA SKIPWITH, in her official capacity as Director of the U.S. Fish and Wildlife Service, and DAVID BERNHARDT, in his official capacity as Secretary of the Department of Interior,<br><br>           Defendants. | CV 19-184-M-DLC-KLD<br><br><br>FINDINGS AND RECOMMENDATION |

Plaintiffs, Save the Bull Trout, Friends of the Wild Swan, and Alliance for the Wild Rockies, Inc., ("Plaintiffs"), bring this action under the Endangered Species Act challenging the Bull Trout Recovery Plan issued by the U.S. Fish and Wildlife Service and Department of the Interior ("Defendants"). Defendants have moved to dismiss Plaintiffs' complaint under Fed. R. Civ. P. 12(b)(6), arguing Plaintiffs' claims are barred by res judicata. (Doc. 7.) For the following reasons, the Court recommends the motion be DENIED.

1

## I.      Background

Plaintiffs filed this action on November 18, 2019 challenging the U.S. Fish and Wildlife Service's approval of the Bull Trout Recovery Plan under Section 4(f) of the Endangered Species Act ("ESA"). (Doc. 1.) Plaintiffs Alliance for the Wild Rockies and Friends of the Wild Swan previously filed a complaint challenging the Recovery Plan under the ESA and the Administrative Procedure Act ("APA") in the U.S. District Court, District of Oregon. In that case, Defendants moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. Magistrate Judge John V. Acosta issued a Findings and Recommendation ("F&R") finding the plaintiffs did not have a cause of action under the APA and the court lacked subject matter jurisdiction over the ESA claims. *Friends of the Wild Swan, Inc. v. Thorson*, 2017 WL 7310641, at *1 (D. Or. Jan. 5, 2017). Judge Acosta recommended the complaint be dismissed. Chief District Judge Michael W. Mosman adopted the F&R, dismissed the ESA claims with leave to amend, and dismissed the APA claim with prejudice. *Friends of the Wild Swan, Inc. v. Thorson*, 260 F. Supp. 3d 1338, 1345 (D. Or. 2017).

Plaintiffs declined to amend their complaint and Judge Acosta entered final judgment dismissing the action without prejudice. (Doc. 8-1.) The following day Plaintiffs appealed to the Ninth Circuit. On appeal, Plaintiffs attempted to assert

new challenges to the Recovery Plan. Acknowledging that Plaintiffs chose to appeal rather than amend their complaint, the Ninth Circuit declined to address the new allegations and affirmed the lower court's judgment. *Friends of the Wild Swan v. Dir., U.S. Fish & Wildlife Serv.*, 745 Fed. Appx. 718, 720 (9th Cir. 2018).

Two days after the Ninth Circuit affirmed the judgment, Plaintiffs filed a motion for leave to amend the complaint under Fed. R. Civ. P. 60(b) and 15. Judge Acosta recommended the district court deny the motion because Plaintiffs could not meet the 60(b) requirements to set aside the judgment. Judge Acosta also found that even if Plaintiffs had successfully met the 60(b) requirements, the Rule 15 balance of factors weighed against allowing Plaintiffs to amend their complaint. On July 5, 2019, Judge Mosman adopted Judge Acosta's F&R in full. Instead of appealing the decision, Plaintiffs brought this action.

On January 21, 2020, Defendants filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(6), arguing res judicata bars Plaintiffs' claims. Plaintiffs oppose the motion, arguing there was not a final judgment on the merits in the District of Oregon case and Defendants therefore cannot meet all of the requisite elements of res judicata.

## II.    Legal Standard

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). "A

defendant may raise the affirmative defense of res judicata by way of a motion to dismiss under Rule 12(b)(6). *Drawsand v. F.F. Properties, L.L.P.*, 866 F. Supp. 2d 1110, 1125 (N.D. Cal. 2011) (citing *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984)). A Rule 12(b)(6) motion to dismiss tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal under Rule 12(b)(6) is informed by Rule 8(a)(2), which requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Dismissal is proper under Fed. R. Civ. P. 12(b)(6) only when the complaint lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)).

To survive a 12(b)(6) motion to dismiss, a plaintiff's complaint must contain sufficient facts "to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Services, Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Plausibility is context-specific, requiring courts to draw on judicial experience and common sense when evaluating a complaint. *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014). The court accepts as true the allegations of the complaint and construes them in the light most favorable to the nonmoving party. *Hardesty v. Barcus*, 2012

4

WL 705862, *2 (D. Mont. Jan. 20, 2012). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S 544, 555 (2007). Conclusory allegations and unwarranted inferences are insufficient to defeat a motion to dismiss. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011).

As a rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted). However, a court may take judicial notice of "matters of public record" including other state or federal court proceedings. *Lee*, 250 F.3d at 688-89 and *Duckett v. Godinez*, 67 F.3d 734, 741 (9th Cir. 1995) ("We may take notice of proceedings in other courts whether in the federal or state systems.").

## III.   Discussion

Defendants move to dismiss Plaintiffs' complaint based on the doctrine of res judicata. Plaintiffs' claims in this matter are predicated upon the same factual allegations they asserted in the District of Oregon action. Plaintiffs raise two claims challenging the Recovery Plan: (1) the Bull Trout Recovery Plan fails to incorporate recovery criteria that are objective and measurable as required under Section 4(f)(B)(ii); and (2) the Bull Trout Recovery Plan fails to incorporate

recovery criteria that address the five delisting factors as required under Sections 4(f)(B)(ii), (a)(1), (b)(1)(A), and (c)(2)(B)(i). (Doc. 1.) The claims mirror those raised in Plaintiffs' proposed amended complaint filed in the District of Oregon. (*See* Doc. 7-6.)

Res judicata, or claim preclusion, "provides that a final judgment on the merits bars further claims by parties or their privies based on the same cause of action[.]" *Headwaters, Inc. v. United States Forest Service*, 399 F.3d 1047, 1051-52 (9th Cir. 2005) (quoting *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997)). Res judicata bars "claims that were raised *or could have been raised* in a prior action." *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citations omitted). Three elements are required to establish res judicata: "(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties." *Headwaters, Inc.*, 399 F.3d at 1052 (citations omitted). Here, Plaintiffs dispute that the second element has been met.

Defendants claim the District of Oregon's denial of Plaintiffs' motion for leave to amend their complaint constitutes a final judgment on the merits for res judicata purposes. Plaintiffs, however, argue no final judgment on the merits was entered in the Oregon action. They contend the only judgment in the Oregon case was the court's order dismissing the action for lack of subject matter jurisdiction.

Because a dismissal for lack of jurisdiction does not operate as an adjudication on the merits,[1] Plaintiffs claim the second element of res judicata cannot be met. This dispute therefore turns on whether the order denying Plaintiffs' motion for leave to amend their complaint in the District of Oregon should be construed as a final judgment on the merits for purposes of res judicata.

In support of their argument, Defendants cite Ninth Circuit case law for the conclusion that the denial of a motion for leave to amend, even for procedural reasons, constitutes a final judgment on the merits. In *Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005), two years after filing suit, the plaintiff sought leave to amend his complaint. The district court determined that granting leave to amend would be unfairly prejudicial to the defendant and plaintiff's delay in seeking to amend his complaint was unjustified. Thereafter, the court granted partial summary judgment in favor of the defendant and dismissed the plaintiff's remaining claims. The Ninth Circuit affirmed the district court. *Mpoyo*, 430 F.3d at 986. While the case was on appeal, however, the plaintiff filed a new action asserting the claims he set forth in his proposed amended complaint. *Mpoyo*, 430 F.3d at 986. The district court dismissed the claims as barred by res judicata.

---

[1] *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001); Fed. R. Civ. P. 41(b); *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999).

On appeal, the Ninth Circuit specifically found the second res judicata element was "satisfied by a summary judgment dismissal[,]" not the lower court's denial of plaintiff's motion to amend. *Mpoyo*, 430 F.3d at 988. The Ninth Circuit went on, however, to elaborate on res judicata principles. The court explained that even where a plaintiff's second lawsuit involves different theories, those theories must have been brought in the original action when they concern the same claim. *Mpoyo*, 430 F.3d at 988. Otherwise, "[p]ermitting these later-filed claims to proceed would create incentive for plaintiffs to hold back claims and have a second adjudication." *Mpoyo*, 430 F.3d at 989.

Finally, the court held that "[d]enial of leave to amend in a prior action based on dilatoriness does not prevent application of res judicata in a subsequent action." *Mpoyo*, 430 F.3d at 989. The court cited cases from the First, Second, Third, Fifth, and Eighth Circuits where the courts similarly barred claims that were asserted in proposed amended complaints in previous actions. Although *Mpoyo* does not hold that an order denying a motion to amend is a final adjudication on the merits, it does hold that claims presented in a failed motion to amend may be barred from being reasserted in a subsequent action for res judicata purposes. This holding is consistent with the principle that res judicata bars "claims that were raised *or could have been raised* in a prior action[,]" but it does not abate the

requirement that all three res judicata elements must be met. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) (citations omitted); *See also*, *Media Rights Technologies, Inc.*, *v. Microsoft Corp.*, 922 F.3d 1014, 1022 (9th Cir. 2019) (claims which could have been raised in prior action would be barred "so long as the other requirements of claim preclusion are met").

To support their contention that an order denying a motion to amend constitutes a final judgment on the merits, Defendants cite *Marin v. HEW, Health Care Financing Agency*, 769 F.2d 590 (9th Cir. 1985). In *Marin*, the plaintiff filed two appeals of an administrative review board's decision concluding that it lacked jurisdiction to adjudicate plaintiff's claims. One appeal was filed as the original complaint and the second was filed as an amended complaint attempting to cure subject matter jurisdiction issues. The appeals were assigned to two separate judges. One of the judges, unaware of the other appeal, construed the amended complaint as a motion for leave to file an amended complaint, and denied it with prejudice for untimeliness. *Marin*, 769 F.2d at 592. Subsequently, because the first judge denied leave to amend, the second judge hearing the first appeal granted summary judgment against the plaintiff based on res judicata. *Marin*, 769 F.2d at 593.

On appeal, the Ninth Circuit agreed with the district court that the claims in

both cases were substantially similar for purposes of res judicata. "The more difficult question" however, was "whether denial of the motion to amend constitutes a final judgment on the merits[.]" *Marin*, 769 F.2d at 593. The court reasoned that because the denial was made with prejudice, was based on a statutory time bar, and coincided with dismissal of the action for lack of subject matter jurisdiction, the denial of the motion to amend constituted a final judgment on the merits.[2] *Marin*, 769 F.2d at 593-94. The court also pointed out that the plaintiff could have appealed from the dismissal of his complaint but chose not to; "Because Marin accepted the court's final rejection of his claims in one instance without appealing, he can claim no fairness requirement that he be allowed to continue to litigate the same claims in a different courtroom." *Marin*, 769 F.2d at 594. Based on "the unusual circumstances" in *Marin*, the Ninth Circuit held the denial of the motion to amend was a final judgment on the merits and barred the plaintiff's claims. *Marin*, 769 F.2d at 593.

The Ninth Circuit's holdings in *Mpoyo* and *Marin* provide two res judicata principles: (1) denial of leave to amend in a prior action may bar those proposed

---

[2] ". . .the denial of leave to amend the complaint should not be confused with dismissal of the action in its entirety for lack of subject matter jurisdiction. In this case, however, where the denial and the dismissal coincided, where both were with prejudice, and where amendment, if allowed, would have reinstated the alleged cause of action, the two decisions are functionally analogous. Our consideration of the res judicata effect of this denial with prejudice is therefore guided by principles with apply to dismissals with prejudice." *Marin*, 769 F.2d at 593.

claims in a subsequent action; and (2) in "unusual circumstances" the denial of leave to amend may constitute a final judgment on the merits. Courts have interpreted and applied these principles since *Mpoyo* and *Marin* based on the facts and circumstances of each case. As a result, there is not a bright-line rule that the denial of a motion for leave to amend is unequivocally a final judgment on the merits for purposes of res judicata.

In *The Save the Peaks Coal. v. U.S. Forest Serv.*, 2010 WL 4961417 (D. Ariz. Dec. 1, 2010), plaintiffs brought a second suit after their prior action ended unfavorably. In the prior action plaintiffs sought to amend their complaint at the summary judgment stage of the case. The district court denied the motion, and the Ninth Circuit affirmed. *Save the Peaks*, 2010 WL 4961417, at *3-4. In the subsequent case, defendants argued plaintiffs' claim was barred by res judicata. In response, plaintiffs disputed whether the prior litigation reached a final judgment on the merits of the claim. The district court found res judicata applied and interpreted *Mpoyo* as holding "that denial of a motion for leave to amend a complaint to add claims constituted a final judgment on the merits of the claim for res judicata purposes."[3] *Save the Peaks*, 2010 WL 4961417, at * 12. The district

---

[3] This Court does not agree with this interpretation. In *Mpoyo*, the Ninth Circuit specifically found the second res judicata element was "satisfied by a summary judgment dismissal[,]" not the lower court's denial of plaintiff's motion to amend. *Mpoyo*, 430 F.3d at 988.

court additionally reasoned that its decision was consistent with Ninth Circuit precedent standing "for the proposition that res judicata bars not only all claims that were actually litigated, but also claims that could have been asserted in the prior action, as long as the prior action resulted in a final judgment on the merits." *Save the Peaks*, 2010 WL 4961417, at * 12.

In *Dzhanikyan v. Liberty Mut. Ins. Co.*, 2014 WL 12781773 (C.D. Cal. May 9, 2014), the district court found the Ninth Circuit's holding in *Marin*'s to be applicable only to orders denying motions for leave to amend *with* prejudice. *Dzhanikyan*, 2014 WL 12781773, at *8. The district court reasoned that since the court in the original action denied the motion for leave to amend without indicating whether the denial was with prejudice, *Marin* did not apply. The district court also analyzed the denial to determine whether it was intended to be with prejudice. The motion was denied for failing to comply with procedural requirements, however, and it was unclear based on the order whether the plaintiff "was foreclosed from filing a second motion to amend[.]" *Dzhanikyan*, 2014 WL 12781773, *8. Unable to determine whether the order was intended to be with prejudice, the district court declined to bar the plaintiff's claims.

Defendants also cite cases outside of the Ninth Circuit that have more decisively found that an order denying a motion to amend is a final judgment for

12

purposes of res judicata. The Eighth Circuit, for example, has found that "the denial of a motion to amend in one action is a final judgment on the merits barring the same complaint in a later action." *Prof. Mgmt. Assoc. v. KPMG LLP*, 345 F.3d 1030, 1032 (8th Cir. 2003)[4]; *See also King v. Hoover Group, Inc.*, 958 F.2d 219, 222-23 (8th Cir. 1992) ("[D]enial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading.").

The Eighth Circuit has applied this rule even where leave to amend is denied for reasons not "on the merits," such as procedural deficiencies or timeliness. *Prof. Mgmt. Assoc.*, 345 F.3d at 1032. The Eighth Circuit has not determined, however, that an order denying leave to amend is a final judgment on the merits where the original complaint was dismissed for lack of jurisdiction. *Kulinski v. Medtronic Bio-Medicus, Inc.*, 112 F.3d 368, 373 (8th Cir. 1997) (where plaintiff's first complaint is dismissed only for lack of subject matter jurisdiction, "[w]e decline to contort the district court's denial of [plaintiff's] proposed amended complaint into

---

[4] The Fourth Circuit has also adopted this rule. *See*, "The denial of a motion to amend a complaint in one action is a final judgment on the merits barring the same complaint in a later action." *Wittholn v. Fed. Ins. Co.,* 164 Fed. Appx. 395, 397 (4th Cir. 2006) (unpublished). *See also, Benckini v. Upper Saucon Tp.*, 2008 WL 2050825, at *5 (E.D. Pa. May 13, 2008) (adopting the Eight Circuit's rule and finding "[t]he prior ruling [denying plaintiff's motion to amend] suffices to foreclose the proposed claim, and [plaintiff] cannot circumvent this Court's prior orders in an effort to assert previously dismissed claims by instituting yet another lawsuit against a slightly different group of interrelated defendants.").

a denial on the merits."). *See also, King*, 958 F.2d at 222-23 (original complaint dismissed on summary judgment), and *Prof. Mgmt. Assoc.*, 345 F.3d at 1032 (original complaint dismissed as barred under the Securities Litigation Uniform Standards Act).

The First Circuit has also found that "denial of leave to amend constitutes res judicata on the merits of the claims which were the subject of the proposed amended pleading." *Hatch v. Trail King Industries, Inc.*, 699 F.3d 38, 45 (1st Cir. 2012) (citation omitted). In *Hatch*, the First Circuit largely supported its decision that the denial of a motion to amend is a final judgment on the merits with the rationale that a litigant should have to live with the choices it makes. "When a party chooses to move for leave to amend its complaint and then not to appeal denial of that motion, the party is not entitled to a second opportunity [in a later action] to litigate [the] claim that the party sought to add. Instead, the party's recourse [is] to appeal, not to start a new action." *Hatch*, 699 F.3d at 45 (internal citations omitted).

The circumstances of this case and the absence of case law directly on point with its procedural posture complicate this decision. The Court is cognizant of the Ninth Circuit's guidance in *Marin* that "a denial with prejudice may be a final judgment with a res judicata effect as long as the result is not unfair." *Marin*, 769

14

F.2d at 593. Moreover, the Court does not wish to reward Plaintiffs for their failure to amend their complaint in the original action after having been granted leave to do so, or for their failure to appeal the court's denial of their motion to amend. The procedural history of this case is dissimilar, however, to that in *Marin*. The court in *Marin* simultaneously denied the motion to amend and dismissed the action for lack of subject matter jurisdiction. And, the denial and dismissal were both with prejudice. Here, the district court entered judgment dismissing the case for lack of subject matter jurisdiction before denying the motion to amend. Additionally, in *Marin*, the denial was based on a statutory bar, whereas here, Plaintiffs' motion failed procedurally. Finally, as in *Dzhanikyan*, the Oregon district court did not indicate whether it denied Plaintiffs' motion for leave to amend with prejudice.

Defendants argue that the Ninth Circuit has held that a dismissal is presumed to be with prejudice unless otherwise stated for purposes of res judicata. *Stewart*, 297 F.3d at 956. In *Stewart*, the district court dismissed the complaint because it was federally preempted. 297 F.3d at 956. The plaintiffs filed a new action arguing res judicata did not bar their new complaint because the district court judge in the original action did not specify whether the action was dismissed with or without prejudice. *Stewart*, 297 F.3d at 956. The Ninth Circuit quoted Federal Rule of Civil Procedure 41(b): "[u]nless the court in its order for dismissal otherwise specifies, a

15

dismissal . . . other than a dismissal for *lack of jurisdiction*, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits." 297 F.3d at 956 (emphasis added). The Ninth Circuit then went on to decide the dismissal "was not for lack of jurisdiction" and res judicata applied. *Stewart*, 297 F.3d at 959. Under *Stewart*, Defendants' argument is inapposite for two reasons: the order denying Plaintiffs' motion to amend was not a dismissal[5] and, like the actual dismissal in this case, *Stewart*'s "presumption" does not apply when a dismissal is for lack of jurisdiction.

In Judge Acosta's F&R, he stated, "a denial of the Motion will not effectively dismiss Plaintiffs' claims with prejudice. Here, Plaintiffs can replead their first eight claims to survive a motion to dismiss, and then be heard on the merits." (Doc. 7-7, at 11.) However, in the order adopting the F&R, Judge Mosman stated, "I also find that Judge Acosta's F&R made no predetermination of Plaintiffs' ability to be heard on the merits if they choose to file a new complaint." (Doc. 7-8 at 3.) Based on these statements, it is unclear whether the district court intended to deny Plaintiffs' motion with prejudice. It appears Judge Acosta

---

[5] "Denial of leave to amend and dismissal with prejudice are two separate concepts. *See generally*, *N. Assurance Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000) (noting that where denial of leave to amend does not reach the underlying merits of a claim, 'the actual decision denying leave to amend is irrelevant to the claim preclusion analysis.')." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006).

intended for the motion to be denied without prejudice, and Judge Mosman's statement is best understood as limiting Judge Acosta's apparent guarantee that Plaintiffs' claims would survive a motion to dismiss if they chose to replead their case. Based on the record, the Court declines to find the district court denied Plaintiffs' request for leave to amend with prejudice. Therefore, under *Marin*, Plaintiffs' claims are not barred by res judicata. Additionally, the res judicata policies of "preventing inconsistent decisions and encouraging reliance on adjudication" are of little weight where the first case was dismissed for lack of subject matter jurisdiction and "is being recommenced, in its entirety, in a new forum." *Marin*, 769 F.2d at 593; *Integrated Techs. Ltd. v. Biochem Immunosystems, Inc.*, 2 F. Supp. 2d 97, 105 (D. Mass. 1998).

Finally, the other cases relied on by Defendants and discussed by this Court differ from this matter in critical ways. Most fundamentally, in the cases finding the denial of a motion to amend to be a final judgment, the denials were not preceded by a dismissal for lack of subject matter jurisdiction. Rather, each case's procedural posture includes an adjudication on the merits. In *Save the Peaks*, the original action was at the summary judgment stage when plaintiffs filed their motion for leave to amend their complaint. After denying plaintiffs' motion, the court ultimately granted summary judgment. *Save the Peaks*, 2010 WL 4961417, at

17

* 12. Additionally, in *Prof. Mgmt. Assoc.*, the district court dismissed the action as statutorily barred and denied leave to amend because amendment would be futile. 345 F.3d at 1032. *See also King*, 958 F.2d at 222-23 (original complaint dismissed on summary judgment) *Hatch*, 699 F.3d at 43 (claim preclusion applied where "underlying case proceeded to a decision on the merits, the denial of leave to amend was not appealed, and judgment was entered"); *Wittholn*, 164 Fed. Appx. at 397-98 (finding denial of a motion amend to be a final judgment on the merits where the original lawsuit ended in a settlement agreement barring the subsequent filing of the same pleadings). Allowing this case to proceed adheres to the public policy favoring disposition of cases on their merits. *Leon v. IDX Systems Corp.*, 468 F.3d 951, 958 (9th Cir. 2006).

For these reasons, the Court does not find the District of Oregon's order denying Plaintiffs leave to amend their complaint was a final judgment for purposes of res judicata. Res judicata cannot be established unless each of its three elements are met. Therefore, Plaintiffs' claims in this action cannot be barred.

## IV.   Conclusion

Having considered the Defendants' Motion to Dismiss, the Court determines that dismissal is not warranted at this time.

Accordingly, **IT IS RECOMMENDED** that Defendants' Motion to

Dismiss (Doc. 7) be **DENIED**.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED**.

DATED this 6th day of May, 2020.

Kathleen L. DeSoto
United States Magistrate Judge