IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAVE THE BULL TROUT, FRIENDS OF THE WILD SWAN, and ALLIANCE FOR THE WILD ROCKIES, | CV 19–184–M–DLC–KLD |
| Plaintiffs, | ORDER |
| vs. | |
| AURELIA SKIPWITH, in her official capacity as Director of the U.S. Fish and Wildlife Service, and DAVID BERNHARDT, in his official capacity as Secretary of the Department of Interior, | |
| Defendants. | |

United States Magistrate Judge Kathleen L. DeSoto entered a Findings and

Recommendation in this case on May 6, 2020, recommending that Defendants'

Motion to Dismiss be denied.  (Doc. 10.)  Defendants Margaret Everson and David

Bernhardt (collectively, "Defendants") timely filed an Objection.   (Doc. 13.)

Consequently, they are entitled to de novo review of those findings and

recommendations to which they have specifically objected.  28 U.S.C. § 636(b)(1).

Absent objection, this Court reviews findings and recommendations for clear error.

*See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).  Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."  *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citations omitted).

In this proceeding, environmental groups Save the Bull Trout, Friends of the Wild Swan, and Alliance for the Wild Rockies (collectively, "Plaintiffs") challenge Federal Defendant's approval of the Bull Trout Recovery Plan under § 4(f) of the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(f).  Defendants moved to dismiss the action in its entirety on the grounds of claim preclusion, citing Plaintiffs' earlier unsuccessful attempt at challenging the Plan's approval in the District of Oregon.  *See Friends of the Wild Swan, Inc. v. Thorson*, No. 3:16-cv-00681-AC (D. Or.).

Judge DeSoto determined that claim preclusion does not apply, determining that the prior action did not have preclusive effect when Plaintiffs' ESA claims were dismissed without prejudice and for lack of jurisdiction.  Federal Defendants object, arguing that Judge DeSoto misinterpreted the District of Oregon proceeding.  (Doc. 13.)  Plaintiffs have filed a reply to Defendants' Objection. (Doc. 14.)  Reviewing de novo, the Court reaches the same conclusion as Judge DeSoto, overruling Defendants' Objection.

**DISCUSSION**

Claim preclusion bars litigation of claims that were raised or could have been raised in a previous lawsuit. *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002). "The elements necessary to establish [claim preclusion] are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties.'" *Headwaters Inc. v. U.S. Forest Serv.*, 399 F.3d 1047, 1052 (9th Cir. 2005) (quoting *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003)).

Here, only the second element—whether there was a final judgment on the merits in Plaintiffs' previous lawsuit filed in the District of Oregon—is in dispute. Judge DeSoto ably summarized the history of that suit, *Friends of the Wild Swan, Inc. v. Thorson*, No. 3:16-cv-00681-AC (D. Or.), and the Court does not recite the background in detail here. However, it will highlight the most important events of the earlier proceeding, as they are necessary to understand this Order.

In the District of Oregon, Plaintiffs challenged the same agency action under both the ESA and the Administrative Procedures Act ("APA"). Magistrate Judge John V. Acosta issued a Findings and Recommendation, determining that Plaintiffs had failed to plausibly allege a claim under the APA and that the court lacked subject matter jurisdiction over the ESA claims as pleaded. *Friends of the Wild*

–3–

*Swan, Inc.*, 2017 WL 7310641 (D. Or. Jan. 5, 2017).  The district court adopted

Judge Acosta's recommendation, dismissing the ESA claims with leave to amend

and dismissing with prejudice the APA claims.  *Friends of the Wild Swan, Inc. v.*

*Thorson*, 260 F. Supp. 3d 1338, 1345 (D. Or. 2017).  The Ninth Circuit affirmed.

*Friends of the Wild Swan, Inc. v. Dir. of U.S. Fish & Wildlife Serv.*, 745 F. App'x

718, 721 (9th Cir. 2018).

Plaintiffs moved to amend their ESA claims in the district court two days

after the Ninth Circuit's affirmance.  Because a final judgment had been entered in

the case, Judge Acosta analyzed whether the case should be reopened under Rule

60.  *Friends of the Wild Swan, Inc. v. Thorson*, 2019 WL 2488715 (D. Or. Apr. 10,

2019).  He concluded that Rule 60's stringent standard was not met but wrote that

the denial "will not effectively dismiss Plaintiffs' claims with prejudice. . . .

Plaintiffs can replead their . . . claims to survive a motion to dismiss, and then be

heard on the merits." *Id.* at *6.  The district court adopted the recommendation to

deny the Rule 60 motion, stating that "Judge Acosta's F&R made no

predetermination of Plaintiffs' ability to be heard on the merits if they choose to

file a new complaint."  *Friends of the Wild Swan, Inc. v. Thorson*, 2019 WL

2996909, at *2 (D. Or. July 5, 2019).

Federal Defendants frame the issue as whether the denial of leave to amend the complaint was a final judgment on the merits, while Plaintiffs look back to the initial dismissal without prejudice of their ESA claims for lack of jurisdiction. Plaintiffs contend that because their prior claim was dismissed for lack of jurisdiction and without prejudice, claim preclusion does not apply as a matter of law.  (Doc. 14 at 10–11.)  Citing *Semtek International Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001) (dismissal without prejudice), and *Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (dismissal for lack of jurisdiction), Judge DeSoto agreed with Plaintiffs that the initial dismissal was not a final judgment on the merits (Doc. 12 at 7), and Federal Defendants do not object to this determination.

Thus, the question remains whether the Oregon district court effectively dismiss Plaintiffs' ESA claims with prejudice when it denied the Rule 60 motion to reopen that proceeding.  Both parties agree with Judge DeSoto that a denial of leave to amend can but does not necessarily operate as a final judgment on the merits for claim preclusion purposes.  (*See* Docs. 13 at 12; 14 at 6.)  *See also Mpoyo v. Litton Electro-Optical Sys.*, 430 F.3d 985 (9th Cir. 2005).  Because the Oregon district court's denial of the motion to reopen that proceeding was considered under the more stringent Rule 60 standard, the Court is reluctant to

describe that denial as a denial of a Rule 15 motion to amend Plaintiffs' complaint.
*See Friends of the Wild Swan Inc.*, 2019 WL 2996909, at \*1.

However the ultimate disposition of the prior proceeding is framed, though,
it is clear that it was not intended to be a dismissal on the merits.  The Ninth
Circuit cases cited by Federal Defendants and discussed at length by Judge DeSoto
therefore do not apply.  In contrast to *Mpoyo v. Litton Electro-Optical Systems*,
here there is no argument that Plaintiffs' ESA claims are precluded by the
adjudication on the merits of their APA claims; Defendants focus solely on the
ESA claims.  *See* 430 F.3d at 987–88.  And the present controversy is immediately
distinguishable from that presented in *Marin v. HEW, Health Care Financing
Agency*, where the prior dismissal was with prejudice.  769 F.2d 590, 593–94 (9th
Cir. 1985).

In contrast, here the District of Oregon court reiterated that the prior
dismissal was without prejudice when it denied the Rule 60 motion to reopen.  It
expressly told Plaintiffs they would be able to refile.  Legally, the dismissal of a
claim for lack of jurisdiction and without prejudice does not have preclusive effect,
and a later denial of a motion to amend does not alter the equation.  If Plaintiffs
had not moved to reopen the District of Oregon proceeding, Defendants would not
have been able to argue that there was a denial of leave to amend.

What is more, looking to the procedural history here, it would be manifestly unfair to dismiss this case when Plaintiffs were given prior assurances that they would be able to file an ESA-based complaint.  The policy generally served by the application of claim preclusion—"the conclusive resolution of disputes within [courts'] jurisdiction"—would be frustrated if this Court were to determine that the District of Oregon did not mean what it said when it told Plaintiffs they could refile.  *Headwaters Inc.*, 399 F.3d at 1051–52.  Additionally, while the Court does not wish to reward dilatory practices, it notes that Defendants' hardline stance, if adopted, would have significant adverse effect on unrepresented litigants.

Reviewing the remaining portions of Judge DeSoto's Findings and Recommendation for clear error and finding none, IT IS ORDERED that Judge DeSoto's Findings and Recommendation (Doc. 10) is ADOPTED in full.  Federal Defendants' Motion to Dismiss (Doc. 7) is DENIED.

DATED this 29th day of July, 2020.

Dana L. Christensen, District Judge
United States District Court