IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SAVE THE BULL TROUT, FRIENDS OF THE WILD SWAN, and ALLIANCE FOR THE WILD ROCKIES,<br><br>Plaintiffs,<br><br>vs.<br><br>MARGARET EVERSON, in her official capacity as Director of the U.S. Fish and Wildlife Service, and DAVID BERNHARDT, in his official capacity as Secretary of the Department of the Interior,<br>             Defendants. | CV 19-184-M-DLC-KLD<br><br><br>ORDER |

On July 29, 2020, United States District Judge Dana L. Christensen issued an order denying Defendants' Motion to Dismiss. (Doc. 15). Accordingly,

**IT IS ORDERED:**

**1.   Rule 26(f) Conference and Case Management Plan**. A Case Management Plan shall be filed on or before **October 5, 2020.** Lead trial counsel for the respective parties shall, at least two weeks before the Case Management Plan is due, meet to discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case and to develop a proposed case management plan. The case management plan resulting from the Rule 26(f) conference is not subject to revision absent compelling reasons.

1

    **2. Contents of Case Management Plan**. The Case Management Plan shall contain deadlines for the following pretrial motions and events or shall state that such deadlines are not necessary:

    Motions to Dismiss (fully briefed)
    Certification of Administrative Record
    Motions to Supplement the Administrative Record
    Motions to Amend the Pleadings
    Completion of Discovery
    Motions for Summary Judgment (fully briefed)
    Additional Deadlines Agreed to by the Parties

"Fully briefed" means that the motion, the brief in support of the motion, and the opposing party's response brief are filed with the court by the deadline.

    **3. Representation at Rule 26(f) Conference**. Each party to the case must be represented at the Rule 26(f) conference by at least one person with authority to enter into stipulations.

    **4. Stipulation to Foundation and Authenticity**. Pursuant to Rule 16(c)(3), the parties shall either:
    (a) enter into the following stipulation:

        The parties stipulate as to foundation and authenticity for all written documents produced in pre-trial disclosure and during the course of discovery. However, if receiving counsel objects to either the foundation or the authenticity of a particular document, then receiving counsel must make specific objection to producing counsel in writing within a reasonable time after receiving the document. A "reasonable" time means that producing counsel has sufficient time to lay the foundation or establish authenticity through depositions or other discovery. If the producing party objects to a document's foundation or authenticity, the producing party shall so state, in writing, at the time of production, in sufficient time for receiving counsel to lay the foundation or establish authenticity through depositions or other discovery. All other objections are reserved.

or,
    (b) state why a stipulation to authenticity and foundation is not appropriate for the case.

**5. Administrative Record:** If an administrative record is involved, it must be filed in an indexed and searchable electronic format on CDs. The government shall provide Plaintiff with the administrative record CDs on or before the administrative record filing deadline set out in ¶ 3, supra. **The government must also file with the Court ONE hard copy of the following documents (along with any attachments or appendices) to the extent any such documents are at issue in the case:**

> Final Environmental Impact Statement
> Supplemental Environmental Impact Statement
> Record of Decision or Decision Notice
> Forest Plan or other programmatic planning document
> Biological Assessment
> Biological Opinion
> Finding of No Significant Impact
> Final Listing/Delisting Rule

**6. Briefs:** In addition to the requirements of L.R. 10.3, **any briefs filed in this matter with any references to the administrative record must also be submitted to the Court on a CD or DVD and include active hyperlinks to all citations, including but not limited to the administrative record, statutes, case law, and regulations. Citations to statutes, case law, and regulations should link to Westlaw or Lexis Nexis.** A party required to file a brief prior to certification of the administrative record is relieved from the requirement that it provide hyperlinks to administrative record citations, but must comply with this paragraph in all other respects.

**7.** In all documents filed with the Court, the parties shall not use any acronyms except for the following commonly understood acronyms in record review cases: NEPA, NFMA, APA, ESA, USFS, FWS and EIS.

DATED this 24th day of August, 2020.

_____
Kathleen L. DeSoto
United States Magistrate Judge